United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NELLY JOHANNA VALLES, "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:25-cv-00273 |
| KRISTI NOEM, Secretary of the United States Department of Homeland Security, et al., "Respondents." | § § § § § § | |

## ORDER

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Advisory to the Court" (Dkt. No. 13) ("Advisory"). By their Advisory, Respondents notify the Court of Petitioner's release from custody under "an Order of Recognizance with Alternatives to Detention." Dkt. No. 13 at 1. For these reasons, Petitioner's Petition (Dkt. No. 1) is **DISMISSED.**

Petitioner's recent release from custody requires this Court to review whether it retains habeas jurisdiction over her Petition. For habeas jurisdiction to continue, (1) Petitioner must have been in custody at the time she filed her petition[1] and (2) she must continue to satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The case-or-controversy requirement must subsist through all stages of federal judicial proceedings. *Spencer,* 523 U.S. at 7. Otherwise, the action is moot, and the court is stripped of jurisdiction. If neither party raises the issue of mootness, the Court must do so sua sponte. *Donovan v. Air Trans., Dist. Lodge No. 146,* 754 F.2d 621, 624 (5th Cir. 1985).

Here, Petitioner's release moots her Petition. Petitioner sought relief from mandatory detention under 8 U.S.C. § 1225(b)(2) and the opportunity for an individualized bond hearing. Dkt. No. 1 at 8-9. Because Petitioner has now been released under an Order of Recognizance, *see* Dkt. No. 13, there is no longer a live case or controversy for which this Court could offer relief.

---

[1] Because it is undisputed that Petitioner was in custody when she filed the Petition, the first requirement is met. *See generally* Dkt. Nos. 1 & 9.

1

Accordingly, the Petition (Dkt. No. 1) is hereby **DISMISSED** sua sponte. The Clerk of the Court is **ORDERED** to close this case.

                Signed on this 14th day of January 2026.

                _____
                Rolando Olvera
                United States District Judge